UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

       Petitioner,

v.                                     Case No. 8:17-mc-128-T-33MAP

GABRIEL M. GONZALEZ and VANESSA
I. GONZALEZ,

       Respondents.

_____/

**REPORT AND CERTIFICATION**

       The government initiated this action for judicial enforcement of Internal Revenue Service summonses pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  In late February, the District Judge directed both Respondents to appear before a revenue officer on March 15 and give testimony and produce documents that summonses demanded.  The District Judge warned both that their "[f]ailure to timely and completely comply with this Order may lead to the initiation of contempt proceedings." *See* doc. 7.  When the Respondents failed to appear as the District Judge ordered, the government filed the instant motion asking the Court to require the Respondents to show cause why they should not be held in contempt.  *See* doc. 14.  The District Judge referred the matter to me (doc. 15), and I scheduled a show cause hearing for today.  Like with previous proceedings, the Respondents failed to appear, thereby ignoring my Order (doc. 16) and continuing to disobey the District Judge's February Order.  As a consequence, I certify the following facts (as required under 28 U.S.C. § 636(e)(6)(B)(iii)) and recommend to the District

Judge that she find both Respondents in contempt and issue attachments for their arrest.

### A. Certified Facts

The government filed a petition to enforce two Internal Revenue Service summonses served on the Respondents that demanded their testimony and documents pertaining their tax liabilities for the 2011-2013 tax years (doc. 1). Both Respondents had failed to appear at the IRS office on February 16, 2017, as the summonses directed. And both failed to appear before me on February 9, 2018, as I directed and otherwise failed to show cause why they should be compelled to comply with summonses. *See* Order, doc. 2. I issued a report finding the government had satisfied the *Powell* standards and recommended that the IRS summonses be enforced directing the Respondents to appear before the Internal Revenue Service on March 15, 2018, to give testimony and produce for examination and copying the books, records, papers, and other data as demanded by the relevant summonses (doc. 6).[1] The district judge adopted my Report and Recommendation, and warned the Respondents that failure to timely and completely comply with the terms of the Order may lead to initiation of contempt proceedings (doc. 7).

Revenue Officer Anita Allen personally served both Respondents with the Report and Recommendation and served Respondent Vanessa Gonzalez with the Order adopting the Report and Recommendation. While the Revenue Officer did not personally serve Respondent Gabriel Gonzalez with the Order adopting the Report and Recommendation, she handed it to his wife. The Revenue Officer's affidavit notes that at the time of service she heard Gabriel Gonzalez in

---

[1]   *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

the home, saw both Respondents' cars in the driveway, and knows that both Respondents work

from their home (doc. 14-1).  After the Respondents failed to appear before Revenue Officer

Allen and failed to comply with the IRS summonses, and otherwise failed to comply with the

Court's February 26, 2018, Order, the government filed the current motion before me requesting

the issuance of an order to show cause why the Respondents should not be held in contempt of

Court, for a contempt hearing and for sanctions (doc. 14).  I granted that motion and directed

both Respondents to appear before me today.  When neither appeared in Court, I directed the

court security officer to sound the halls.  Neither Respondent answered his call.

### B. Discussion

The district courts of the United States have the authority to enforce summonses issued

by the IRS.  *See* 26 U.S.C. §§ 7402(b), 7604.  Whenever any person summoned under the

applicable provisions neglects or refuses to obey such summons, or to produce books, papers,

records, or other data, or to give testimony, as required, the government may apply to a district

court judge for an attachment against the taxpayer as for a contempt.  26 U.S.C. § 7604.  If after

hearing the application the judge finds the government presented satisfactory proof, the judge

has the duty to issue an attachment, directed to the proper officer, for the arrest of such person,

and upon his being brought before the judge to proceed to a hearing of the case.  *Id.*  Upon such

hearing, the judge shall have the power to enter an order he or she deems proper, not inconsistent

with the law for the punishment of contempts, to enforce obedience to the requirements of the

summons as well as to punish the taxpayer for his default or disobedience.  *Id.*  The penalties for

failure to comply with a summons include a fine of not more than $1,000 or imprisonment not

more than 1 year, or both, together with costs of prosecution.  26 U.S.C. §§ 7604(c)(2), 7210.

In this instance, the government requests the Court hold Respondents in civil contempt for violating the Court's February 26, 2018, Order.  Specifically, the government seeks the Respondents' incarceration to compel their compliance with the Court's Order and the IRS summonses.  "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).  "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).  The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings, but, rather, the disobedience to orders of the Judiciary.  *Chambers*, 501 U.S. at 44 (citing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)).  Notwithstanding the Court's inherent power, 18 U.S.C. § 401 provides that a court of the United States has the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority as "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice" or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401(1) & (3).

A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order.  *United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988).  Once the party seeking contempt makes this *prima facie* showing, the

burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply, which requires more than a mere assertion of inability to comply. *Id.* at 701. Instead, the alleged contemnor must show he has, in good faith, made all reasonable efforts to comply with the order. *Id.* If the alleged contemnor makes a sufficient showing, the burden then shifts back to the party seeking to show contempt to prove ability of the alleged contemnor to comply with the court's prior order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

Based on this record, the government met its initial burden by producing the declaration of Revenue Officer Allen establishing clearly and convincingly that Respondents did not comply with the Court's February 26, 2018, Order enforcing the IRS summonses. The record shows Respondents have failed to carry their burden to produce evidence explaining their noncompliance. Indeed, Respondents failed to appear at the hearing held on July 12, 2018, offered no reasonable or justifiable explanation for his noncompliance with the Court's Order or the IRS summonses, and failed to establish they have made any effort to comply with either. Individuals who have not produced any evidence concerning lack of possession or control of the information sought by a IRS summons may properly be held in contempt for failure to comply. *See United States v. McAnlis*, 721 F.2d 334, 338 (11th Cir. 1983). Accordingly, the government's motion is well taken, and Respondents should be held in contempt.

*C. Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1.  Respondents be found in contempt for failing to comply with the Court's February 26, 2018, Order and the IRS summonses.

2.  Pursuant to 26 U.S.C. § 7406(b), that the district judge issue attachments for the arrests of the Respondents.

IT IS SO CERTIFIED AND REPORTED in Tampa, Florida on this 12th day of July, 2018.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies furnished to:
Hon. Virginia M. Hernandez Covington
Counsel of Record
Respondents, *Pro Se*